UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MALINDA DESHELLE BARBEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:22-cv-00737 |
| v. ) | Judge Trauger |
| ) | |
| MARK E. ZUCKERBERG, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Malinda Deshelle Barbee filed a pro se complaint against Meta executives Mark E. Zuckerberg and Sheryl Sandberg, musician Christopher Maurice Brown, and other "unknown" individuals. (Doc. No. 1.) The plaintiff also filed an in forma pauperis application that sufficiently indicates she cannot pay the full civil filing fee in advance without "undue hardship." *Foster v. Cuyahoga Dep't of Health and Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001). Accordingly, the application (Doc. No. 2) is **GRANTED**. 28 U.S.C. § 1915(a).

The court must review and dismiss any complaint filed in forma pauperis if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Ongori v. Hawkins*, No. 16-2781, 2017 WL 6759020, at *1 (6th Cir. Nov. 15, 2017) ("[N]on-prisoners proceeding in forma pauperis are still subject to the screening requirements of § 1915(e)."). The court applies the standard for Rule 12(b)(6) of the Federal Rules of Civil Procedure, *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010), by viewing the complaint in the light most favorable to the plaintiff and taking all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir.

2009)). The court then considers whether the factual allegations "plausibly suggest an entitlement to relief," *Williams*, 631 F.3d at 383 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)), that rises "above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court need not accept unwarranted factual inferences, *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007), or credit "legal conclusions masquerading as factual allegations." *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

Here, the brief complaint alleges that the plaintiff's "phones and computers were hacked" by two unknown men and "the whole world" was "allowed" to "monitor [the plaintiff's] family and . . . life 24/7" for over ten years. (Doc. No. 1.) In addition, the complaint alleges that defendants Zuckerberg and Sandberg "entered the cybercrime at their own will at some point tailoring the operation with various features to enhance the structure of cybercrime," and that defendant Brown "instigated crime for years in various ways . . . causing calamities." *Id*. Based on these allegations, the complaint claims that the defendants violated the Privacy Act of 1974 and the First, Eighth, and Thirteenth Amendments to the U.S. Constitution. *Id*.

First, the Privacy Act claim must be dismissed because "[i]ndividuals are not proper defendants in a Privacy Act suit" regarding the unauthorized release of information, and only a government agency may be sued under the Act. *Stephens v. Tennessee Valley Auth.*, 754 F. Supp. 579, 579 n.1 (E.D. Tenn. 1990) (citing *Windsor v. The Tennessean*, 719 F.2d 155, 160 (6th Cir. 1983)). Here, the plaintiff raises no grievance against a government agency or concerning the dissemination of information by a government agency. Second, the court construes the constitutional claims under 42 U.S.C. § 1983, which provides a private right of action against anyone who subjects any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights or privileges secured by the Constitution and laws of the United

2

States. *Abriq v. Hall*, 295 F. Supp. 3d 874, 878 (M.D. Tenn. 2018) (citing *Rehberg v. Paulk*, 566 U.S. 356, 361 (2012)). Critically, a Section 1983 plaintiff must demonstrate the denial of a constitutional right caused by a defendant acting under color of state law.[1] *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014). The complaint does not allege that the defendants – who are clearly identified as private actors – have acted under color of law or in concert with any state actor.[2] Thus, the Section 1983 claims must also be dismissed.

In sum, the court finds that the plaintiff fails to state any claim upon which relief can be granted. Accordingly, the Complaint is **DISMISSED**. This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b). Because an appeal would not be taken in good faith, the plaintiff is not certified to appeal the judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge

---

[1] To act under color of law, a defendant must exercise power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U. S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U. S. 299, 326 (1941)).

[2] Nor does the complaint suggest that any "unknown" persons acted under color of law.